SAMUEL COST *et al.*, Plaintiffs in Error, *v.* WILLIAM ROSE *et al.*, Defendants in Error.

### ERROR TO FULTON.

In serving process by copy, the return of the officer must show a strict compliance with the statute, or the court will not obtain jurisdiction of the person.

No default should be taken against infants, in a petition for partition; a guardian *ad litem* should be appointed for them before any steps are taken, wherein they are entitled to be heard.

A default should not be taken upon publication, without a return of summons "not found."

A decree of partition should not be rendered against infants without proof of the case made by the bill; which proof should be preserved in the record.

Where land descends to the wife, it should, on partition, be set off to the husband and wife in right of the wife, or to her alone, not to them jointly and in fee.

THE opinion of the court sets out a sufficient statement of the case.

GOUDY and JUDD, for Plaintiffs in Error.

C. J. DILWORTH, for Defendants in Error.

SKINNER, J. This was a bill in chancery for partition. The bill alleges that Solomon Serin in his lifetime, was seized *in fee* of the N. E. ¼ Sec. 3, T. 3 N., R. 1 E., of the fourth principal meridian; that in 1851 he died intestate, and that the land subject to the widow's dower therein, descended to his children and their decendants in seven equal portions, as tenants in common; that five of these children and the decendants of such of them as are deceased, have conveyed their interests in the estate, being five-sevenths thereof, unto Samuel Cost; that the land is held and owned in common, as follows: five-sevenths by Samuel Cost; one-seventh by complainants, William Rose, and Eliza

Ann, his wife, in right of the said Eliza, who is a child of said Solomon; and one-seventh by Sarah, Betsy, John, Hugh and Phebe Serin, children of John Serin, who was a child of said Solomon, and that the children of said John are infants.

The bill prays for partition according to the respective interests set forth. Samuel Cost, the children of John Serin, and Elizabeth Serin, widow of Solomon Serin, are made parties defendant.

Summons issued and was returned. The return was doubtless intended as a return of service as to Cost and Elizabeth Serin, by leaving copies at their residences, but is wholly insufficient, under the statute, to show service.

It does not show that the copies were left with a " white person," a member " of the family," or that such person was informed " of the contents thereof."

To obtain jurisdiction of the person, where this mode of service is adopted, the statute must be complied with. Rev. Stat. 94, Sec 7.

No return was made as to the other defendants, the heirs of John Serin.

Proof of publication was made as to them, as non-residents, a default was taken as to all of the defendants, and an order of reference to the master to take testimony was made. Afterwards, the answer of the infant defendants by guardian *ad litem* was filed, but the record does not show that the person appearing as such guardian was appointed by the court.

The court rendered a decree for partition, directing that five-sevenths of the land be set off to Cost, one-seventh to the heirs of John Serin, and one-seventh to complainants. The commissioners reported that they had made partition of the N. W. ¼ Sec. 3, T. 3 N., R. 1 East, of the fourth principal meridian, and set off and assigned to William Rose, and Eliza Ann Rose, his wife (the complainants), a certain portion thereof, to the heirs of John Serin (naming them), and Elizabeth Serin (the widow), a certain portion, and to Samuel Cost the balance of the tract of land.

This report was approved, and a final decree of investiture was made. Cost prosecutes this writ of error. The decree is erroneous for want of a sufficient return of service of summons. The defects have already been pointed out.

By the report of the commissioners it appears that they made partition of a different tract of land from that described in the bill, the report is approved, and a decree of investiture is made, based upon the report. For these reasons the decree must be reversed. As this cause is to be remanded, it is proper to remark that we have treated the case as a chancery proceeding for partition, although the bill seems to have been framed under

the statute, because the bill is addressed to the judge of the Circuit Court, "in chancery sitting."

The complainants had their election to proceed in chancery, or under the statute, and that they elected to proceed in chancery seems clear from the face of the bill. *Louvalle et al.* v. *Menard et al.*, 1 Gil. 39.

Treating this proceeding as a bill in equity, it is apparent that much irregularity has intervened.

The default should not have been entered against the heirs of John Serin upon publication, even were they adults, without a return of summons "not found" as to them. *Jacobus* v. *Smith*, 14 Ill. 359. They being infants, no default should have been taken against them. *Clay* v. *Norris*, 4 Gil. 370. A guardian *ad litem* to the infant defendants should have been appointed and notified, before any steps were taken wherein they were entitled to be heard.

A portion of the land was set off to the infants, heirs of John Serin, jointly and *in fee* with the widow of Solomon Serin, who was only entitled to dower. The interest of Eliza Ann Rose was set off and assigned to her and her husband, jointly and *in fee*.

The assignment should have been to the husband and wife, *in right* of the wife, or to her alone.

As no default or *pro confesso* decree could be taken against the infants, a decree of partition should not have been rendered against them without proof of the case made by the bill, and this proof, in some manner, should appear in the record ; *White* v. *Morrison*, 11 Ill. 361 ; *Wood* v. *Owens*, 12 Ill. 283.

Decree reversed and cause remanded.

*Decree reversed.*