GEORGE A. CHARLES

*v.*

ANDREW J. WAUGH.

1. TAX TITLE — *requisites of collector's notice of application for judgment.* A notice by a collector of taxes of an application for judgment against delinquent lands, which omits to state that an order of sale will be applied for when the application for judgment shall be made, is insufficient.

2. SAME — *sale void, if collector's notice is insufficient.* The notice that an order of sale would be applied for, was fundamental, and if neglected, the subsequent proceedings are necessarily void.

3. SAME — *rule of construction — prerequisites must be strictly observed.* Great strictness is required in such proceedings. When special proceedings are authorized by statute, by which the estate of one man may be divested and transferred to another, the owner has a right to insist upon a *strict* performance of all the material requirements of the statute, especially those designed for his security, and the non-observance of which may operate to his prejudice.

APPEAL from the Circuit Court of Knox county; Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action in ejectment, brought to recover the possession of a tract of land in Knox county, to which the

plaintiff claimed title by virtue of a tax sale of the premises in question for the non-payment of the State and county taxes due thereon, and by virtue of a deed executed in pursuance thereof.

The appellee and defendant below, after paying into court the redemption money and taxes necessary, with ten per cent. interest thereon from the date of the deed to time of redemption required by law, to enable him to controvert to the fullest extent the title of the plaintiff below, interposed an objection to the regularity of the said proceedings, by virtue of which the sale was made and deed given.

The only question presented by the record being as to the sufficiency of the collector's notice, which was as follows:

" Notice is hereby given that application will be made at the next June Term of the County Court of Knox county, in the State of Illinois, to be holden in the city of Knoxville, in said county, on the 3d Monday of June next, for a judgment against the foregoing tracts or parcels of land and town and city lots for said taxes, interest and costs due thereon, for the satisfaction thereof and all of said tracts or parcels of land and town and city lots on which the taxes, interest and costs remain unpaid, and for which an order is made to sell and will be exposed to sale and sold at the court house in the said county of Knox and State of Illinois, on the 4th Monday of June next, A. D. 1860. Said sale to be continued from day to day until all of said land and lots unpaid at that time are sold."

It was insisted by the defendant below (the appellee here), that the notice was defective, in that it did not state, that an order of sale would be applied for when the application for judgment was made, and so the court below held. Judgment was rendered for the defendant, and the plaintiff appeals to this court.

Mr. E. N. Powell, for the appellant.

1. The court erred in excluding the deed from the sheriff to the appellant, the proper preliminary proofs having been

made to authorize the deed to be admitted in evidence. The collector's report, the notice of publication, and the precept being in due form of law. 2 Purple's Stat. 981, § 30; id. 984, § 38.

2. A substantial compliance with the forms prescribed in the statute is sufficient. The notice is sufficient. *Spellman* v. *Curtenius*, 12 Ill. 413, 414; *Chestnut* v. *March*, id. 173.

In the case of *Spellman* v. *Curtenius* the court says, "It is undoubtedly the duty of all officers charged with the execution of the revenue law, to follow the forms prescribed, and a failure to do so might often be fatal to a judgment in a direct proceeding to reverse it, but it was held in the case of *Chestnut* v. *March, ante,* 173, that a failure to follow the forms prescribed was not fatal to a judgment in a suit for taxes coming collaterally in question, provided the court had jurisdiction of the case."

The case referred to of *Chestnut* v. *March*, 12 Ill. 173, is conclusive of this case on the point of the insufficiency of the notice.

Mr. T. G. FROST, for the appellee.

No personal notice of the application for judgment and for an order for sale of the land is required by law, but in lieu thereof the advertisement and notice specified in section twenty-six, which constitutes all the notice which the owner of the land is entitled to before his land is sold at public auction, under the authority of the State, for non-payment of taxes.

This notice, upon principle and precedent, being the only authority and foundation there is for the judgment of the court and the order for the sale of the land, should be fully and accurately given, and the statute on the subject strictly if not literally complied with; otherwise, there is no power or jurisdiction to pronounce judgment or order a sale of the property. It is no answer to this objection that the parties interested probably know or ascertain what was the intent of the collector and the object of the notice. The notice must be in the form and possess the requisites prescribed by law, and

the courts will not speculate as to how much of the notice which the statute requires may be omitted and the party not be injured or affected by it. The authorities on this point are abundant and explicit. In *Culver* v. *Hayden*, 1 Vt. 359, the court says: "The performance of these acts is the *condition* on which the property is to be divested; and it is not for the court to inquire whether the provisions of the statute are reasonable, whether a compliance with them may not be dispensed with without injury to the owner of the estate, but whether they have been made, and if so they must be *literally* pursued.

In *Mayhew* v. *Davis*, 4 McLean, 213, Judge POPE, speaking of the revenue laws of Illinois, says: "But it is said that some of the requirements of the legislature are only directory, and may be dispensed with. Upon this it may be remarked that a judge should rarely, if ever, take upon himself to say that what the legislature have required is unnecessary. He may not see the necessity of it, still it is not safe to assume that the legislature did not have a reason for it. Perhaps it only aimed at *uniformity*. In that case, the judge cannot interfere to defeat that object, however puerile it may appear. It is admitted that there are cases where the requirements may be deemed directory, but it may be safely affirmed that it can never be where the act, or the omission of it, can by any possibility work advantage or injury, however slight, to any one affected by it. In such case it can never be omitted."

The following extracts from Blackwell on Tax Titles, and from the decisions of courts in the cases there cited, are also in point, from pages 264, 265, 266, 272, 273:

"Thus the statute of Vermont directed the name of the *place* where the legislature held their session, at the time when the tax was granted, to be inserted in the advertisement according to the following form, viz.: 'Whereas, the legislature of Vermont, at their session at——, in the year——, assessed a tax,' &c., and the statute enacted that 'the blanks in the ▮▮▮ of the advertisement, hereinbefore directed, *shall* be fille▮ ▮ the *place* of the session of the legislature *where the* ▮▮▮ *assessed.*' The clerk had also omitted, in making a record of

the advertisement, to state the place where one of the newspapers in which it was inserted was published, as required by the statute. For these defects the advertisement was declared illegal, and the sale void. The court discussed the two questions together, saying : 'That the collector should have followed the *form*, and the clerk made the statement of the place where the paper was printed a part of the record, are *positive requirements* of the statute; and a *compliance* with these requisites must be regarded as a *condition precedent* to the conveyance of a good title by the vendue deed. Where the property is affected, or the title divested by the provisions of a special act of the legislature, the requirements of the act must be strictly followed. In the present case the operation of the special statute was to divest the defendant of his property, on his failure to perform a duty created by the statute, on the performance of certain acts prescribed to the officers required to collect the tax and record the proceedings. The performance of these acts is *the condition* on which the property was divested; and it is not for the court to inquire whether the provisions of the statute were reasonable, whether a compliance with them might not be dispensed with without injury to the defendant, but whether they have been made; and if so, they must be literally pursued.' " *Culver* v. *Hayden*, 1 Vt., 359.

In another case, the person making the advertisement omitted to prefix to his signature his official designation of " *collector*," as required by the statute form, and the sale was held irregular, upon the ground that the statute form ought to be strictly followed. *Spear and Ditty*, 9 Vt. 282. On the other hand, where no form is given, but the statute declares what the contents of the advertisement shall be, each fact required by the statute must appear in the advertisement, or it will be void ; thus, the time and place of sale, a description of the lands to be sold, the amount of tax due, the name of the owner, his delinquency, that no goods of his could be found out of which to satisfy the tax, the year for which the tax was due, a recital of the purpose for which the tax was levied, and such other facts as the particular statute under which the

notice is given, may have rendered essential. Any omission in these respects, or variance between the contents of the notice and the facts of the case, will invalidate the proceedings. Thus, where the statute required that the collector should publish an advertisement that he would sell, on a particular day, all lands on which the taxes remained due for the space of nine months from the date of the assignment, and a delinquency for this length of time was not stated in his notice, it was held void. The court saying: "The manifest purpose of this requirement was not only to let the party charged with the tax know that there was such a tax against him, and unpaid, but that his delinquency had continued so long after the date of the advertisement, that the law authorized proceedings in the manner prescribed to obtain the sum required from the land on which the tax was based. Without such notice, which is of substantial utility to the person against whom the tax remains undischarged, he is not informed, in the manner which the legislature have provided, that he is exposed to the costs which will arise from an attempt to obtain the tax from the land itself." *Hobb* v. *Clements*, 32 Me. 67. In another case, the notice recited a tax "for the purpose of making, repairing, and building *bridges*," whereas the tax authorized by the statute was for "making and repairing roads, *and* building bridges." The true object of the tax not appearing in the advertisement, it was held insufficient. *Langdon* v. *Poor*, 20 Vt. 13. And on page 275, "thus, in the corporation of *Washington* v. *Pratt*, 8 Wheat. 581, where the act of congress required the collector to state in his advertisement of the sale '*the amount of taxes due thereon*,' and further provide that such lots only upon which 'two years' taxes remain due and unpaid,' shall be sold, the facts were that several lots were separately assessed to the same person, and the advertisement stated the aggregate amount of taxes due upon all of them, and the sale was held illegal." JOHNSON, J., said: "The question is, whether it be necesssary that the advertisement should contain a particular statement of the amount of taxes due on each lot separately, or, where several

lots belong to the same person, whether it would be sufficient to state in the advertisement the aggregate amount of taxes on each lot separately; or, where several lots belong to the same person, whether it would be sufficient to state in the advertisement the aggregate amount of taxes due on all the lots so belonging to the same person? This may be a very immaterial question practically, and it may not be very easy to assign a sufficient reason of policy for the one or other alternative. *But what have we to do with such inquiries in cases of positive enactment?* The law must be pursued whatever be the previous steps required." And on page 273, " *The operation of such a provision must be the test of its own policy. The duty is easily complied with, and the performance of it may not be destitute of practical utility.*"

The order to sell is, in this case, the essence of the whole matter. It is distinct from the judgment of condemnation of the land, and without this additional order the officer would have no right or authority to sell. It is then the most essential part of the entire proceedings necessary to vest the officer with the power to sell. Notice expressly required by the statute of an application for this order is, in the nature of the case, indispensable, and, if omitted, the proceedings are void. Notice of *such* an application would be more likely to arrest the attention of the owner of the land than anything else in the notice. How then can it be regarded as immaterial, or a sale in omitting it be treated as regular or valid under the principles applicable to this case and settled by the foregoing decisions.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question presented by this record is as to the sufficiency of the collector's notice. The following is the statute upon the subject:

"When any person owning lands or town lots in any county in this State shall fail to pay the taxes assessed thereon, as provided for in the foregoing sections, it shall be the duty of the collector to publish an advertisement in some newspaper pub-

21 — 35TH ILL.

lished in his county, if any such there be, and if there be no such paper printed in his county, then in the nearest newspaper in this State, which advertisement shall be once published at least four weeks previous to the term of the county court at which judgment is prayed; and said advertisement shall contain a list of the delinquent lands upon which the taxes remain due and unpaid, the names of owners, if known, the amount due thereon, and the years for which the same is due; and shall give notice that he will apply to the county court, at the —— term thereof, for judgment against said lands for said taxes, interest and costs, and for an order to sell said lands for the satisfaction thereof; and shall also give notice that on the first Monday next succeeding the day fixed by law for the commencement of the said county court, all the lands for sale, of which an order shall be made, will be exposed to public sale at the place of holding court in said county, for the amount of taxes, interest and cost due thereon; and the advertisement published according to the provisions of this section shall be deemed and taken to be sufficient and legal notice, both of the intended application of the collector to the county court for judgment, and also of the sale of lands under the order of said court: *Provided*, that if the publisher of such paper shall be unable or unwilling to publish said list and notice accurately and properly, the collector shall select some other newspaper, having due regard to the circulation of such paper." Scates' Comp. 1073, § 26.

The notice given by the collector was as follows: .

Notice is hereby given, that application will be made at the next June Term of the County Court of Knox county, in the State of Illinois, to be holden in the city of Knoxville, in said county, on the 3d Monday of June next, for a judgment against the foregoing tracts or parcels of land and town and city lots for said taxes, interest and costs due thereon, for the satisfaction thereof, and all of said tracts or parcels of land and town and city lots, on which the taxes, interest and cost remain unpaid, and for which an order is made to sell, and will be exposed to sale and sold at the court house, in the said county of Knox and State of Illinois, on the 4th Monday of June next,

A. D. 1860; said sale to be continued from day to day until all of said land and lots unpaid at that time are sold.

The notice being the authority for and the foundation of the judgment, both principle and precedent require that it should be in strict compliance with the statute. If notice is not given that an order of sale will be applied for when the application for judgment is made, land owners would not be stimulated to the same diligence they would be if they were notified that an order to sell their lands would be applied for and would follow the judgment. The notice given by the collector nowhere states that he will apply for an order of sale. It merely says, if an order to sell is made, he will expose to sale, &c. In *Marsh* v. *Chestnut*, 14 Ill. 224, this court said, "It is a sound and inflexible rule of law that where special proceedings are authorized by statute by which the estate of one man may be divested and transferred to another, every material provision of the statute must be complied with. The owner has a right to insist upon a *strict* performance of all the material requirements, especially those designed for his security, and the non-observance of which may operate to his prejudice."

This notice not possessing the requisites prescribed by the statute no power existed in the court to grant an order of sale. None was asked for, and therefore, none should have been granted. The notice that such an order would be applied for was fundamental, and if neglected the subsequent proceedings are necessarily void.

We need not repeat, great strictness is required in such proceedings. A reference to Blackwell on Tax Titles, 264 and on, will supply numerous cases in point which we have not time to refer to particularly.

The notice of the collector not being a substantial compliance with the statute, no rights could be acquired under it. The judgment is affirmed.

*Judgment affirmed.*