## ANNA B. HOBSON *et al.*

*v.*

## ELEAZER A. PAYNE, Administrator, etc.

1. ADMINISTRATORS — *application to sell lands.* A petition by an administrator to sell lands to pay debts should show that the contingency exists which authorizes the proceeding.

2. Where a party residing in another State, dies owning land in this State, the creditors may cause letters of administration to be taken out in this State and prove their claims, and if there is not sufficient assets to pay the debts, the administrator may obtain an order for the sale of land.

3. SAME — *claims against estate must be legally established.* Before an administrator can obtain an order to sell real estate to pay debts, the claims must be regularly presented and allowed in the county where such application is made.

4. It is not sufficient to show that the claims exist or have been allowed by a probate court in another State.

5. SAME — *erroneous decree.* Where it appears from the record, that a decree for the sale of real estate to pay debts, on the application of an administrator, has been made in a case not contemplated by the statute, the decree will be reversed.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. H. M. WEAD, Judge, presiding.

This was a petition filed in the Circuit Court of Warren county, on the 2d day of August, A. D. 1853, for the sale of real estate, by Eleazer A. Payne, administrator of the estate of Bushnell Willey, deceased. A decree was rendered at the October Term, 1853, in accordance with the petition. Anna B. Hobson and William C. Hobson, her husband, and John B. Willey, prosecuted a writ of error to this court.

With the record an affidavit was filed, that William S. Johnson, Ewan Ewan, John Shepard, J. B. Taliaferro, Benjamin C. Taliaferro and Herman Duhme, claim the lands described in the petition and record, or a portion thereof, either as purchasers or *terre* tenants, and a *scire facias* was issued against them.

The facts are sufficiently stated in the opinion.

Messrs. GOUDY & CHANDLER, for the plaintiffs in error.

Messrs. GOODWIN & LARNED, and Mr. B. C. TALIFERRO, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1853, Payne procured a decree from the Circuit Court of Warren county, authorizing him, as administrator of Bushnell Willey deceased, to sell lands for the payment of debts. This is a writ of error brought by the heirs of Willey upon that decree.

One of the objections taken by the counsel of plaintiffs in error is, not only that there is an absence of proof in the record, that any claims against the estate had either been allowed by the probate court of Warren county, or presented to the administrator, but that the contrary affirmatively appears. To this objection it is replied, that the decree itself finds, " that there is still due and owing from said estate a large amount of debts, of the amount of about $10,000." This answer would be satisfactory, were it not that when we look into the petition and exhibit filed therewith, we are obliged to construe this finding of the court as referring to debts presented against the' estate in the probate court of Harrison county, in the State of Kentucky, where Willey had died, and where original administration had been taken out.

The petition in this case, as explained by the exhibit filed with it, and to be taken as a part of it, is very peculiar. It first states the death of Willey, the appointment of his widow as administratrix, and the application of all his personal property

160        HOBSON *et al.* v. PAYNE, ADMR., ETC.        [Sept. T.,

Opinion of the Court.

" all of which," it says, " will more fully appear from a trans-
cript from the records of the probate court of Harrison county,
in the State of Kentucky, which is filed herewith, and which
your petitioner prays may be a part of his petition." The
petition then goes on to say, that after the application of all
the personal estate, there was still a large amount of indebted-
ness due from the estate, " amounting in all to about $10,000,
which will also appear by said transcript," and that, to pay
said debts, there only remained the real estate, consisting of
certain lands in Illinois, " which will appear more fully from
an abstract from the probate court of Warren county, Illinois,
filed and made a part of this petition." The petition then
gives a list of the lands, and avers the appointment of Payne
as administrator by the probate court of Warren county.
The transcript from the record of the probate court of War-
ren county, filed as part of the petition, shows that Payne
appeared before that court and made a report of the condition
of the estate, as shown by the records of the probate court of
Harrison county, Kentucky, a transcript of which he filed as a
part of his report. He also filed, as a part of his report, what
he termed an abstract of the lands belonging to the estate, and
the court ordered, " that the report, abstract and transcript be
entered of record in this office, as exhibiting the condition of
said estate, and that the clerk make out a full transcript for
said administrator." This report of the administrator is given
*in hæc verba* in the exhibit filed as a part of the petition in the
Circuit Court.

The report closes with the following extraordinary averment:
" That no claims against said estate have been presented to
said administrator, and he believes there are none in this
State, but that the true condition of said estate is shown in
said transcript," referring to the transcript from Kentucky.
From this report it clearly appears that no claims have been
filed or allowed in the probate court of Warren county, or were
presented to the administrator. This report bore date the 1st
of August, 1853, and on the next day the administrator, having
shown by his report that he had neither assets nor liabilities,

filed his petition for leave to sell real estate for the payment of debts, and makes this report and the transcript from Harrison county, Kentucky, a part of his petition. He thus showed upon the face of his own application, so plainly as to admit of neither doubt nor controversy, that the $10,000 for the payment of which he was seeking an order to sell real estate, were debts as to which his only knowledge was derived from the Kentucky record, and none of which had ever been presented to him as administrator, for payment, or filed in the probate court of Warren county. The claims do not seem ever to have been allowed in Kentucky, but are stated by the administratix there, in her report to the probate court of Harrison county, to be evidenced by notes in the hands of creditors, other accounts and demands, and expenses of administration. These creditors, if such they were, might have caused letters of administration to be taken out in this State, and proved their claims, and the administrator might then have obtained an order for the sale of land. But the administrator tells the court, in his own petition, that nothing of this kind has been done, that no claims have been allowed in the probate court, or presented to him. He says this when he makes his own report of the preceding day to the probate court a part of his petition. In that report he says, in terms, that no claims have been presented to him, and he believed there were none in the State. He also says the debts amount to $10,000, as nearly as can be ascertained, and says this will more fully appear by the transcript from the probate court of Harrison county, Kentucky.

This is equivalent to saying that no claims had been allowed against him in the probate court of Warren county, and this is clearly evident from every part of this record. With these facts appearing on the face of the petition and exhibits, the finding of the court, on which the defendant in error relies, to the effect that there is still due from said estate, debts to the amount of $10,000, must be considered as referring to the debts mentioned in the transcript from the probate court in Kentucky, and not to debts proven or presented in this State. We

must, therefore, regard this record as showing on its own face, that this decree was made in a case not contemplated by the statute, and for the purpose of paying supposed debts, with which this administrator had not the remotest concern.

In the view we have taken of this main question, it is unnecessary to consider the other points discussed by counsel.

We are asked by the counsel for the plaintiff in error to express an opinion whether there was, as claimed by them, an absence of jurisdiction in the Circuit Court, which would make the sale by the administrator a nullity. This question is not before us, and might affect the interests of persons who have not been heard. That there was palpable error in the decree we have no doubt, and it must be reversed.

*Decree reversed.*