Hessler v. Wright.

## JOHN J. HESSLER
### v.
## WILLIAM C. WRIGHT.

CHANCERY—SERVICE OF PROCESS.—The statutory requirements for service of process must be strictly complied with, and the return of the officer should show it, or the court will not obtain jurisdiction of the person.  So, where service was made by leaving a copy with a member of the family of the defendant, and the return failed to show that it was at the usual place of abode of the defendant, or that the officer explained to such person the contents of the writ, the service was fatally defective, and the court had no jurisdiction of the person of the defendant.

ERROR to the Circuit Court of Jasper county; the Hon. WILLIAM C. JONES, Judge, presiding.  Opinion filed April 7, 1881.

Mr. JOHN H. HALLY, for plaintiff in error.

CASEY, J.  The defendant in error, on the 21st day of April, A. D. 1880, filed his bill in chancery for a strict foreclosure against the plaintiff in error, in the office of the clerk of the Circuit Court of Jasper county.

Summons was issued and served, and at the May term of the Jasper Circuit Court, A. D. 1880, the plaintiff in error not appearing, a default and decree *pro confesso*, declaring a strict foreclosure of the mortgage, was entered against him. The case is brought to this court by a writ of error, and the errors assigned are as follows:

1st. There is no service of summons as required by the statute.

2nd. The court erred in finding the amount due too large— the amount found being sixty dollars more than the proof warranted.

3rd. The court erred in granting a strict foreclosure under the pleadings and evidence.

4th. The court erred in entering a decree by default, without service of notice on defendant.

The return indorsed on the summons issued in this cause is as follows:

"STATE OF ILLINOIS, <br> JASPER COUNTY," } ss.

"I have duly served the within by reading the same to Anna Hessler, daughter of the within named John J. Hessler, who is a member of the said John J. Hessler's family, a person over and above the age of twelve years, and I delivered unto said Anna Hessler a true copy hereof, for the said John J. Hessler, this, the 6th day May, A. D. 1880—as I am therein commanded. (Signed,)      E. HARTRICK, Sheriff.

Per D. O'DONNELL, Dep't Sheriff."

The statute provides that service of summons shall be made by delivering a copy thereof to the defendant, or leaving such copy at his usual place of abode with some person of the family, of the age of ten years, or upwards, and informing such person of the contents thereof. Underwood's Statute, Chap. 22, Sec. 11, page 186.

It will be seen that the return indorsed on the writ wholly fails to show that the officer serving the same left with the person named, the writ at the usual place of abode of the defendant, or that he explained to the person the contents of the writ. The return shows that the officer left the writ with Anna Hessler;

that she was over ten years of age and was a member of the family of the defendant.

The statute of 1845, required that a summons in chancery should be served by delivering a true copy thereof to the defendant, or leaving a copy at his usual place of abode, with some white person, of the family, of the age of ten years or upwards, and informing such person of the contents thereof.

In Miller v. Mills, 29 Ill. 432, the return of the officer was as follows:

"I have served this summons on Hiram Miller by leaving a true copy of the within, with Ellen Miller his wife, a person over fourteen years of age, a member of his family, at his usual place of abode, after first having fully made known the contents of the same to her."

The Supreme Court say, the return is defective in two particulars: First, it does not show that the copy was left at the usual place of abode of the defendant, nor that it was left with a white person—*non constat*, but that it was a family of colored persons, the defendant and his wife both being black: Cost v. Rose, 17 Ill. 276; Bayland v. Bayland 18 Ill. 551. In Tompkins et al v. Welteberger 56 Ill. 389, the return failed to show that the officer serving the process explained the contents of the writ to the person with whom he left it. The court in substance say: The statute for wise purposes has made this positive requirement. The provisions of the statute must be strictly complied with. To give the court jurisdiction of the person of the defendant, a legal service was necessary as provided by the statute. The return of the officer should show it. There is no room for inference or presumption, because of the general jurisdiction of the court, for the reason that the writ and mode of service appear in the record.

That the statute has been complied with must affirmatively appear from the indorsement on the summons.

In this case we have no hesitation in saying, that the service as appears from the return of the officer, was wholly defective; that the defendant did not have his day in court, and that the court did not have jurisdiction of the person of the defendant.

We are not prepared to say but what the taxes paid by the defendant in error were properly included in assessing the amount due on the mortgage, or that the defendant in error is not entitled to a decree for a strict foreclosure. For the reason that there was no legal service as required by the statute the judgment of the circuit court is reversed and the cause remanded.