## C. FIGGE

*v.*

## FRANK S. ROWLEN *et al.*

*Opinion filed April 17, 1900.*

1. JURISDICTION—*when findings of court as to jurisdictional facts are conclusive against collateral attack.* The findings of a court of general jurisdiction as to jurisdictional facts necessary to constitute service by publication are conclusive against collateral attack, unless such findings are irreconcilable with facts otherwise disclosed by the record.

2. SAME—*it is presumed evidence was heard to support the findings of jurisdictional facts.* In aid of findings of jurisdictional facts and of any apparent conflict in the record it will be presumed, in a collateral proceeding, that evidence was heard in the court below to support such findings, in cases where it would be competent to receive such evidence.

3. SAME—*effect of failure of foreign notary's certificate to show authority to administer oaths.* A decree canceling a mortgage as a cloud on title is not open to collateral attack because the certificate of the foreign notary to the affidavit of defendant's non-residence fails to state that he had authority to administer oaths, where the court found and recited in the decree that it appeared from the affidavit that defendant was a non-resident.

4. SAME—*when evidence on which court acted in holding affidavit good need not be preserved.* It is not necessary, upon collateral attack, that the evidence upon which the court acted in judicially determining that a certain instrument in writing was an affidavit within the legal meaning of that word, should be preserved in the record by bill of exceptions.

5. SAME—*error in exercising jurisdiction is not basis for collateral attack.* Where a court has jurisdiction of a particular class of cases it has power to determine whether the case disclosed by the bill entitles the complainant to relief of that character; and that the court falls into error in exercising its jurisdiction cannot be urged in a collateral proceeding to impeach the decree.

6. SAME—*effect of failure of bill to remove cloud to allege possession or vacancy.* That a bill to cancel a mortgage as a cloud on title fails to allege that the complainant is in possession or that the property is vacant and unoccupied is not ground for impeaching the decree in a collateral proceeding.

MAGRUDER, J., dissenting.

*Figge* v. *Rowlen*, 84 Ill. App. 238, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Saline county; the Hon. A. K. VICKERS, Judge, presiding.

CHOISSER, WHITLEY & CHOISSER, for appellant:

Each affidavit of non-residence introduced in evidence purports to be sworn to before a notary public in Allen county, Ohio, and in neither case does the notary public certify that he is authorized, under the laws of that State, to administer oaths. These affidavits are nullities. *Smith* v. *Lyons,* 80 Ill. 600; *Keefer* v. *Mason,* 36 id. 406; 2 Starr & Cur. Stat. sec. 6, p. 2825; *Ferris* v. *Bank,* 158 Ill. 237.

Statutes providing for giving notice by publication must be strictly followed in order to confer jurisdiction. Where the statute requires that the affidavit be filed before the publication of notice, the requirement is jurisdictional, and a judgment founded on a publication without such filing is void. 16 Am. & Eng. Ency. of Law, 817.

Where an affidavit of the non-residence of the defendant fails to comply with the statute the court acquires no jurisdiction over the person of the defendant, and a decree rendered against him is void. *Hartung* v. *Hartung,* 8 Ill. App. 156; *Campbell* v. *McCahan,* 41 Ill. 45.

The supposed affidavits in these cases stand as though they had not been sworn to before any officer. Where the affidavit of non-residence of defendants in chancery, upon which notice of publication is based, was not sworn to before any officer it is no affidavit, and gives no authority to the court to enter an order of publication. *McDermaid* v. *Russell,* 41 Ill. 489.

Where a summons is not issued for non-resident defendants, which is part of the statutory requirements, the court acquires no jurisdiction and all its proceedings are void. *McDaniel* v. *Correll,* 19 Ill. 226.

No publication is authorized until proper affidavit of non-residence is filed. 1 Starr & Cur. Stat. sec. 12, p. 568.

To give a court of equity jurisdiction of a bill solely to quiet title or to remove a cloud from title, the complainant must allege and prove possession of the premises or that they are unimproved and unoccupied. *Gage* v. *Parker,* 103 Ill. 529; *Hardin* v. *Jones,* 86 id. 313; *Oakley* v. *Hurlbut,* 100 id. 204; *Gage* v. *Abbott,* 99 id. 366; *Glos* v. *Randolph,* 133 id. 197; *Pratt* v. *Kendig,* 128 id. 302; *Robinson* v. *Wheeler,* 162 id. 566.

A judgment or decree rendered by a court which fails to acquire jurisdiction of either the person or the subject matter is so utterly void that it may be treated as a nullity at all times and under all circumstances. *Campbell* v. *McCahan,* 41 Ill. 45; *Morris* v. *Hogle,* 37 id. 150; *Harvey* v. *Drew,* 82 id. 606; *Johnson* v. *Johnson,* 30 id. 215.

R. S. MARSH, for appellees:

In collateral attacks it must be presumed that the pleadings and evidence were sufficient to sustain the finding and decree of the court. *Harris* v. *Lester,* 80 Ill. 307; *Barnett* v. *Wolf,* 70 id. 76; *Hertig* v. *People,* 159 id. 242.

A trial court has power to hear extrinsic evidence as to any defect in its process, and such evidence need not be preserved in the record. *Timmerman* v. *Phelps,* 27 Ill. 496; *Banks* v. *Banks,* 31 id. 164; *Moore* v. *Neil,* 39 id. 261.

Though one of the jurisdictional papers in a suit may appear defective when attacked collaterally, yet if it is a paper that is subject to amendment, and the defect could be cured by amendment, the court will presume that it was amended. *Booth* v. *Rees,* 26 Ill. 46.

In bills to quiet title it is only necessary to allege facts that show that a court of equity has jurisdiction and a court of law has not. *Gage* v. *Abbott,* 99 Ill. 367; *Pratt* v. *Kendig,* 128 id. 302.

A bill to remove a cloud from title on account of fraud need not allege the complainant is in the possession of the land or that it is unoccupied. *Booth* v. *Wiley,* 102 Ill. 113; *Phillips* v. *Kesterson,* 154 id. 572.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the hearing of the issues formed under a bill in chancery filed by the appellant, against appellees, to foreclose a mortgage on certain real estate in Saline county, the appellees, over the objection of the appellant, were permitted to introduce in evidence a decree entered in the circuit court of Saline county in a certain proceeding in chancery wherein the appellant was defendant and the grantor of appellee Fenwick was complainant, setting aside and declaring null and void the said mortgage sought by the appellant to be foreclosed herein and canceling the same as a cloud upon the true title to said real estate. If the ruling of the court as to the admissibility of such decree in evidence was correct, it is conceded the judgment of the Appellate Court here appealed from, affirming the decree entered by the circuit court dismissing the appellant's bill for foreclosure, should be affirmed by this court.

The grounds of objection to the admissibility of the decree in evidence are, that the court which rendered it did not have jurisdiction of the subject matter of the proceeding or of the person of the defendant thereto. Jurisdiction of the person of the defendant to the proceeding was assumed on the theory the defendant was a non-resident of the State of Illinois and had been duly notified by publication, as required by the statute in such instances. The decree recited it appeared "to the court, from the affidavit on file, that said defendant is not a resident of the State of Illinois, and that his place of residence is not known and on due inquiry cannot be found." The appellant offered in evidence the files in the cause wherein the decree in question was rendered, including an instrument filed by the complainant in the cause as an affidavit of the non-residence of the defendant therein, the appellant here. As to this instrument counsel for appellant, in their brief, say: "The affidavit

of non-residence is wholly void. It was sworn to before
a notary public in Allen county, Ohio, and the notary
does not state in his certificate that he is authorized,
under the laws of the State of Ohio, to administer oaths."

The power to administer an oath is not incidental to
the office of notary public. If possessed by a notary it is
by force of the enactments of the State under which he
holds his commission. (*Trevor* v. *Colgate*, 181 Ill. 129.) The
enactments of a sister State may be proven by printed
statute books purporting to be printed under the author-
ity of such State, (Rev. Stat. sec. 10, chap. 51, entitled
"Evidence and Depositions,") and the true meaning or
construction of the statute of a foreign State, as declared
by the courts of last resort of such State, may be proven
by books of reports of decisions of such courts purport-
ing to be published by authority, (chap. 51, sec. 12,) or
by the testimony of witnesses learned in the law of such
State. *Hoes* v. *VanAlstyne*, 20 Ill. 202.

The court found and recited in its decree that it ap-
peared from an affidavit on file the defendant was not a
resident of the State, etc. An affidavit is a declaration
in writing signed by an affiant and sworn to by such
affiant before some person who has lawful authority to
administer oaths. (*Harris* v. *Lester*, 80 Ill. 307.) The find-
ing of the court therefore involved consideration and
judicial determination of the question of the authority of
the notary public to administer the oath to the affiant.
The decree was rendered by a court of general jurisdic-
tion and the attack upon it is made in a collateral pro-
ceeding. In such instances, in the absence of proof to
the contrary, nothing is presumed to be outside the juris-
diction of the court which rendered the decree. (*Swear-
engen* v. *Gulick*, 67 Ill. 208.) Service by publication was
relied on to acquire jurisdiction of the person of the
defendant in that proceeding. In determining as to the
existence of facts necessary to constitute service by pub-
lication the court had lawful power to receive parol or

documentary testimony.  (*Botsford* v. *O'Conner*, 57 Ill. 72;
*Barnett* v. *Wolf*, 70 id. 76; *Swift* v. *Yanaway*, 153 id. 197;
*Bickerdike* v. *Allen*, 157 id. 95; *Reedy* v. *Camfield*, 159 id. 254.)
It is not necessary, in answer to a collateral attack, tes-
timony received for that purpose should be preserved in
the record, for the reason the legal presumptions arise
in aid of the jurisdiction of the court that competent evi-
dence was produced to warrant the finding the instrument
in question was an affidavit, within the legal meaning of
that word.  (*Bickerdike* v. *Allen*, *supra; Reedy* v. *Camfield*,
*supra.*)  The rule to be deduced from the decisions of this
court on the point is, that the findings of a court of gen-
eral jurisdiction as to jurisdictional facts necessary to
constitute service by publication are conclusive as against
collateral attack unless such findings are irreconcilable
with facts otherwise disclosed by the record, and that in
aid of such finding and in aid of any apparent conflict
in the record it will be presumed evidence was heard to
support the finding in all cases where it is competent to
receive evidence for that purpose.

The bill on which the decree here assailed is founded,
prayed a decree canceling the mortgage which appellant
in this proceeding seeks to foreclose, as a cloud on the
title of the complainant in the bill, but it was not averred
in the bill that the complainant had possession of the
land or that it was vacant and unimproved.  We have
repeatedly held it is essential to the right of a complain-
ant to maintain a proceeding in chancery to remove a
cloud on the title to real estate, that it should be alleged
in the bill and proved upon a hearing the complainant
had possession of the land or that it was vacant and
unoccupied.  The appellant insists that in view of these
holdings and of the lack of averment in the bill upon
which the decree is founded, the court was lacking in
jurisdiction of the subject matter to render the decree.

The jurisdiction of courts of equity to remove a cloud
from title to real estate is of common law origin.  (2 Am.

& Eng. Ency. of Law, 309.) Jurisdiction of the subject matter of a proceeding is conferred by law. The power to decide any particular case of the subject matter whereof the court has jurisdiction is conferred by the pleading. If the court has jurisdiction of the subject matter of a real cause of the character of the one attempted to be set forth in the pleading, it has jurisdiction of the subject matter of the controversy and judicial power to determine whether the case made by the pleadings is one within its jurisdiction. In *Bostwick* v. *Skinner*, 80 Ill. 147, we quoted with approval the remarks of Mr. Justice Allen in *Cox* v. *Thomas*, 9 Gratt. 323, as follows (p. 153): "The only question would seem to be whether the subject matter was within the jurisdiction of the court. If it was,—if the jurisdiction of the court extended over that class of cases,—it was the province of the court to determine for itself whether the particular case was one within its jurisdiction." In *People* v. *Seelye*, 146 Ill. 189, we said (p. 221): "If a court has jurisdiction of the subject matter and the parties, it is altogether immaterial, where its judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been; its final order cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. * * * The court is invested with power to determine the rights of the parties, and no irregularity or error in the execution of the power can prevent the judgment, while it stands unreversed, from disposing of such rights as fall within the legitimate scope of its adjudication." The author of the article entitled "Jurisdiction," in 12 Encyclopedia of Pleading and Practice, (p. 129,) remarks: "But as a general proposition, jurisdiction of the subject matter is conferred by law, and does not rest upon averments in pleadings nor is affected by error in sustaining a pleading, and if the pleadings contain sufficient matter to challenge the attention of the court, and such a case is thereby presented as to authorize the court to delib-

erate and act, it is sufficient for the purpose of conferring jurisdiction."

The circuit court of Saline county, in chancery sitting, had jurisdiction of the subject matter of the proceeding in which the decree in question was rendered,—that is, it had jurisdiction of that class of cases wherein decrees may be lawfully rendered removing clouds from titles. It had jurisdiction and power to judicially consider and determine whether the case as disclosed by the bill entitled the complainant in the bill to relief of that character. That it fell into error in the exercise of its jurisdiction and power could not operate to deprive it of jurisdiction to act. An error in the exercise of jurisdiction cannot be urged to impeach its decree in a collateral proceeding. Having complete jurisdiction of the persons and of the subject matter it was clothed with lawful power to act, and its action, however erroneous, must be regarded as valid and binding in every collateral proceeding. (*Hobson* v. *Ewan*, 62 Ill. 146; *Wenner* v. *Thornton*, 98 id. 156.) "When jurisdiction has once attached, the court has a right to decide every question arising in the case, and errors of judgment or irregularities, however gross, which do not render the judgment absolutely void, are not available on collateral attack, but the judgment is valid until reversed or vacated by direct proceeding." 12 Ency. of Pl. & Pr. 197.

The judgment of the Appellate Court must be and is affirmed.                            *Judgment affirmed.*

Mr. Justice Magruder, dissenting:

The decree in the former suit was not binding on the defendant, because he was served only by publication; there was no personal service. A man cannot be deprived of his property under the United States constitution, without due process of law. Service by mere publication, in such a case as is shown here, is not due process of law. (*Pennoyer* v. *Neff*, 95 U. S. 714).