WILLIAM C. GOUDY *et al.,* Plaintiffs in Error, *v.* JOHN HALL, Defendant in Error.

ERROR TO FULTON.

After a court has acquired jurisdiction, its findings are conclusive, at least in all collateral proceedings.

But on the question of jurisdiction, its findings are not conclusive.

If the necessary notice has not been given, or if process has not been served, the court has no authority to act, and all its proceedings are absolutely void.

The finding of the court as to proper notice having been given, or process served, is *prima facie* sufficient to establish the fact, and would not be disregarded without very clear and satisfactory proof to the contrary.

THIS was an action of ejectment, commenced A. D. 1861, in Fulton Circuit Court, by the plaintiffs in error, W. C. Goudy, S. C. Judd and T. A. Boyd, against the defendant in error, for the recovery of the east half of south-east quarter Section 15; also, the east half of north-east quarter Section 15, except one acre off the east side of said last mentioned tract; also, the south half of south-east quarter of south-east quarter Section 10, except one-fourth of an acre off east side of said last mentioned tract; all lying in Township 6 north, Range 2 east, in said county of Fulton, Illinois. The original declaration claimed title to the whole of said tracts as above described.

Afterwards, by leave of the court, the declaration was amended by adding three additional counts, claiming title, by the first of said additional counts, to the undivided one-third of said premises; by the second of said counts, to the undivided

two-thirds; and by the last of said counts, to the undivided four-ninths of said premises.

At the September term, 1862, the cause was tried, without a jury, by C. L. HIGBEE, Judge, who found for the defendant.

Upon the trial, the plaintiffs, in support of the issue on their part, offered and read in evidence three patents from the United States to John Fridley, dated November 3, 1840, conveying the following tracts, to wit: The south east quarter of north-east quarter Section 15, the east half of south-east quarter Section 15, the north-east quarter of north-east quarter Section 15, and the east half of south-east quarter Section 10; all lying in Township 6 north, Range 2 east of 4th principal meridian.

The plaintiffs, in further support of the issue on their part, proved that John Fridley died intestate in 1844 or 1845, leaving his widow, Hester, and Joseph P. Fridley, Letitia Ackerson, intermarried with and the present wife of Garrett Ackerson, Emeline Murphy, wife of Abraham Murphy, Elizabeth Fridley, since intermarried with and now wife of John Sennet, Henry B. Fridley, Jesse Fridley, (the latter twenty-three or twenty-four years old,) Maria Fridley, (twenty-two or twenty-three years old,) Louisa Fridley, since intermarried with and now the wife of Ogden Gray, Jr., (and about twenty or twenty-one years old,) and James K. P. Fridley, (about eighteen years old,) his only children and heirs-at-law.

The plaintiffs also offered and read in evidence a quit-claim deed from Jesse Fridley to Ogden Gray, Jr., dated January 25, 1860, conveying the whole of the premises described in the declaration.

The plaintiffs further offered and read in evidence, a quit-claim deed, dated January 27, 1860, from Henry B. Fridley, Garret Ackerson, Letitia Ackerson, Ogden Gray, Louisa Gray, James K. P. Fridley, and Maria Fridley, to the plaintiffs herein, conveying the whole of said premises.

The defendant then, in support of the issue on his part, offered in evidence the following decrees and answer by guardian *ad litem*, from the chancery records of the Circuit Court of Fulton county, Illinois, for the March term, 1848,

in a certain cause therein pending, entitled *Abraham Murphy, Adm'r of John Fridley*, v. *Joseph P. Fridley et al.*, to wit:

1. "It is hereby ordered, that William Kellogg be appointed guardian *ad litem*, for Elizabeth Fridley, Henry Fridley, Jesse Fridley, Maria Fridley, Louisa Fridley, and James K. P. Fridley, infant defendants in this case and heirs-at-law of John Fridley, deceased, and that said guardian *ad litem* report forthwith."

2. The answer of said guardian *ad litem*, for all the infant defendants except Louisa Fridley, admitting the matters stated in petition.

3. A decree of sale, as follows: "This day again comes the petitioner, by his solicitor, and it appearing that the guardian *ad litem* appointed herein having filed his answer for the minor heirs of said John Fridley, admitting the facts in said petition, and the other defendants having failed to appear and answer, plead or demur to said petition, and due notice having been given."

Then follows an order for the petitioner to sell the following lands, to wit: South-east quarter of the south-east quarter Section 10; the north-west quarter of south-west quarter Section 14; the east half of south-east quarter Section 15; and the east half of north-east quarter Section 15; all lying in Township 6 north, Range 2 east of 4th principal meridian; and to make necessary deeds to convey said lands, and to make report thereof at the next term of said court thereafter.

The defendant also offered and read from said records the record of the report and confirmatory decree, thereto appended, of the August term, 1848, of the sale by said administrator. The report recites a sale and deed to William Phelps, of the following premises, to wit: The east half of south-east quarter Section 15; the east half of north-east quarter Section 15, except one acre off east side of same; also twenty acres, the south half of south-east quarter Section 10, except one-fourth of an acre off east side of same; all lying in Township 6 north, Range 2 east of 4th principal meridian. That said administrator executed and delivered to said William Phelps a deed for the land sold.

The plaintiffs objected to the reading in evidence of each and every of the above orders, decrees and reports, as they were offered, and the court took such objection under advisement for the time being.

The defendant then offered and read in evidence a decree, dated June 3, 1848, from Abraham Murphy, administrator of John Fridley, deceased, to William Phelps, for the whole premises described in the declaration herein, and other deeds, to show a connected chain of title from Phelps to defendant.

Plaintiffs objected to the reading of each of said deeds, for irrelevancy, etc. The court overruled their objections, to which plaintiffs then and there excepted.

It is deemed unnecessary to insert the remainder of the evidence, as that already given is sufficient to a full understanding of the decision.

The court found the defendant not guilty; to which plaintiffs then and there excepted.

The plaintiffs then moved for a new trial, assigning the following reasons therefor:

Because the court admitted improper evidence on behalf of the defendant.

Because the finding was contrary to the law and evidence.

But the court overruled the motion, and rendered judgment for the defendant; to which decision and judgment the plaintiffs did then and there except.

The case is brought to this court by writ of error, and the following errors assigned:

The court below erred in admitting improper evidence on behalf of the defendant below.

The finding of the Circuit Court was contrary to the law and the evidence.

The court below erred in overruling the plaintiffs' motion for a new trial.

The Circuit Court erred in rendering judgment for the defendant below.

The record and proceedings below are otherwise irregular, informal and insufficient.

JUDD, BOYD & JAMES, and W. C. GOUDY, for Plaintiffs in Error.

JAMES ROBERTS, for Defendant in Error.

The plaintiff in this case in the court below, showed title to the premises in controversy, to John Fridley ; that he died intestate, and a conveyance from his heirs to the plaintiff in error in this case. By the record the court will see that the defendant, in order to defeat that title, showed an application by Murphy, as administrator of Fridley, to the Circuit Court of Fulton county, to sell the land for the payment of debts.

The decree recites that notice was fully given, and the land ordered to be sold and the report of sale duly confirmed by the court, and a deed duly made by the administrator to Phelps, and a regular line of conveyances from Phelps to the defendant.

If these procedings show that the court acquired jurisdiction to order a sale of the land, then the plaintiffs upon the whole case would not be entitled to recover, although the court might have committed errors in admitting evidence of the contents of the lost papers.

It is a proposition of law, too well settled to be disputed, that if a court has jurisdiction of the subject-matter and the parties, and proceeds to order a sale of the land, an innocent purchaser's title will not be affected, although the court may have committed errors that would reverse the judgment, and even though the judgment may have been actually reversed. 4 Kent's Com. 536 ; *McJittson* v. *Love*, 13 Ill. 436.

Did the decree then show upon its face that the court acquired jurisdiction? All reasonable intendments are to be made in favor of the proceedings of courts of general jurisdiction, and if the record upon. its face shows the existence of such facts as would give the court jurisdiction, then the title of the purchaser is not affected. This whole question is fully discussed in the first volume of Smith's Leading Cases,

case of *Creps* v. *Druden*, in the last edition of the American notes.

In *Grignon's Lessees* v. *Astor*, 2 Howard Rep., at page 340, the court says: "The record is absolute verity, to contradict which there can be no averment or evidence; the court having power to make the decree, it can be impeached only by the party who obtained it. A purchaser under it is not bound to look beyond the decree. If there is error of the most palpable kind, if the court which rendered it, has, in the exercise of its jurisdiction, disregarded, misconstrued, or disobeyed the plain provision of the law which gave it power to hear and determine the case before it, the title of the purchaser is as much protected as if the adjudication would stand the test of a writ of error."

An averment of notice on the record is conclusive. *Landes* v. *Brant*, 10 Howard R. 348; *Landes* v. *Perkins*, 12 Missouri R. 254; 1 Smith's Leading Cases, above cited.

If the facts necessary to give the court jurisdiction appear upon the face of the proceedings, the purchaser is not bound to look beyond the decree. *Thompson* v. *Tolmie*, 2 Peters' R. 168.

The same principles have been repeatedly asserted by this court. *Buckmaster* v. *Carlin*, 3 Scam. 307; *Swigert* v. *Harlan*, 4 Scam. 364.

By giving the notice, the court acquires jurisdiction. *Gibson* v. *Roll*, 27 Ill. 90.

Here it expressly appears upon the face of the decree that the defendants, in the application by the administrator, were duly notified. That statement, so far as an innocent purchaser was concerned, imports absolute verity, and it is sufficient for him that such appears to be the fact upon the face of the proceedings.

In *Herdman* v. *Short*, 18 Ill. 59, the proceedings showed upon their face that no notice was given; and so also in *Whitney* v. *Porter*, 23 Ill. 445.

And when the order granting the sale of the land in controversy was reversed by the court (in 25 Ill. 146), it was

upon the ground that the decree showed that no proofs were introduced to support the allegations of the petition; that was error, but it did not render the proceedings void. The court had acquired jurisdiction, and no subsequent erroneous acts could deprive it of that jurisdiction. See 2 Howard, above cited.

It would seem also from all these authorities, that the decree on its face showing the facts necessary to give the court jurisdiction of the subject-matter and the parties, the purchaser was not bound to look beyond that decree, but could safely repose upon it, knowing that the law had invested the court with the jurisdiction it exercised. Were the rule otherwise, no faith could be placed in the solemn adjudications of any court, no matter how exalted.

These proceedings, then, show that the title of the heirs who conveyed to plaintiffs was divested by the sale—their standing in court fell with their title, and such being the case, this court would not reverse the judgment of the court below, although improper evidence may have been admitted. It is sufficient for the court to know that upon the whole case the plaintiff was not entitled to recover in order to affirm the judgment. *Newkirk* v. *Cone*, 18 Ill. 449.

It is also contended that the court did not acquire jurisdiction of the case, because the guardian *ad litem* did not answer for Louisa Fridley; but this, if amounting to anything, is only error. The guardian was duly appointed, and it was the duty of the court to have compelled him to answer, but the failure of the court to do so did not render the proceedings void.

To hold that a court of general jurisdiction, after having acquired jurisdiction of the parties, could be divested of that jurisdiction by an error in its proceedings, would be violating the best principles of the law; and this court has held, in *Peak* v. *Shastead*, 21 Ill. 137, that a judgment or decree against an infant, without even a guardian being appointed, is not void; and such is the express decision in *Porter* v. *Robinson*, 3 A. K. Marshall, 253.

CATON, C. J. This case depends entirely on the question whether the court which rendered the decree for the sale of the land had jurisdiction, and that depends upon the inquiry whether there was a publication of notice as required by law. The court in the decree finds that the requisite notice had been given in these words: "and due notice having been given." This was an inquiry which the court was called upon to make, and which it was its duty to decide, and the finding of the court on this question, has, by many very respectable courts, been held to be conclusive; against which no averment or proof can be admitted. We have, however, taken a different view. When the question of jurisdiction is once admitted, then, in all collateral proceedings at least, the findings of the court must be conclusive; but upon the question of the right of the court to act upon the persons or rights of parties, we think there is great propriety in holding that the finding of the court is not conclusive. If the requisite notice has not been given to, or process has not been served upon a party, then the court has no more authority to adjudicate upon his rights, than a stranger, or a private individual. And all that the court does, all its findings, are absolutely void, as well the finding that the notice was given or process served, as the others. Take the case where the law requires six weeks notice, and the record itself shows but three weeks notice was given ; or, where a process has been returned not served, and the court should find that the requisite notice was given, or, that the process was duly served; it would be absurd to say that such finding was conclusive, when the very record would show that this finding was void for want of jurisdiction to find anything whatever in the case. *Whitney* v. *Porter*, 23 Ill. 445 ; *Reddick* v. *President State Bank*, 27 Ill. 147 ; *Gibson* v. *Roll*, 27 Ill. 88. But while we may not hold this finding of the court conclusive that due notice was given, beyond all doubt it should be held *prima facie* to establish the fact, and the court would not disregard it, except upon very clear and satisfactory proof that due notice had not been given, or

that process had not been served upon the party. In this case there was nothing to show that the finding of the court was not in strict accordance with the fact. The plaintiffs made no attempt to prove that due notice had not been given, but relied upon the assumption that it was the duty of the defendant to show that the notice had been given, notwithstanding the finding of the court. In this we have seen they were mistaken. It is unnecessary to determine whether the secondary evidence offered by the defendant to prove the notice was properly admitted or not. It is sufficient that it had been found by the court, and it was for the plaintiff to establish the contrary.

The judgment must be affirmed.      *Judgment affirmed.*