PHILIP CONLIN

*v.*

THE PEOPLE *ex rel.* Lassig, County Collector.

*Opinion filed April 18, 1901—Rehearing denied June 7, 1901.*

1. SPECIAL TAXATION—*sufficiency of petition cannot be attacked on application for sale.* If the county court acquires jurisdiction of a special tax proceeding and notice is given as required by statute, a property owner cannot attack the sufficiency of the improvement petition, with respect to signatures, upon the collateral application for judgment of sale. (*Leitch* v. *People*, 183 Ill. 569, followed.)

2. SAME—*when county court acquires jurisdiction of a special tax proceeding.* Upon the filing of a petition for the levy of a special paving tax and giving of notice as required by law the county court acquires jurisdiction to decide whether the improvement petition is properly signed, and its determination cannot be assailed on application for judgment of sale.

WRIT OF ERROR to the County Court of LaSalle county; the Hon. H. W. JOHNSON, Judge, presiding.

HALL & DONOGHUE, for plaintiff in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of LaSalle county overruled objections of the plaintiff in error to the application of the county collector for a judgment for a delinquent special tax for paving Marquette street, in the city of LaSalle, and entered judgment against the property of the plaintiff in error. The writ of error in this case was sued out to review such judgment.

The objection presented on the collateral application for judgment for sale to satisfy the special tax was, that the petition for the improvement was not signed by the owners of a majority of the property in each of the blocks abutting on the street to be improved. The petition to the county court for the levy of the special tax alleged the presentation of a proper petition to the board of local

improvements, but the plaintiff in error testified that he owned all of block 35 on the line of said improvement and that he never signed any petition. It was stipulated that the city of LaSalle was of less than twenty-five thousand inhabitants, so that a petition was necessary. The question raised is the same which was decided in *Leitch* v. *People*, 183 Ill. 569, where we held that if the county court acquired jurisdiction of the subject matter by the filing of a petition, and notice was given as required by statute, a property owner cannot attack the sufficiency of the petition for the improvement on the collateral application for sale. The objections in this case were not based upon want of notice, and the filing of a petition was not questioned, but was proved. Upon the filing of the petition for the levy of the tax and giving notice as required by law, the county court acquired jurisdiction to decide whether the petition was signed by a majority of the property owners. Having such jurisdiction, its determination cannot be assailed, as attempted by plaintiff in error.

The judgment of the county court is affirmed.

*Judgment affirmed.*