THE VILLAGE OF MELROSE PARK, Appellee,· *vs.* THE IN-DIANA HARBOR BELT RAILROAD COMPANY, Appellant.

*Opinion filed October 24, 1916.*

1. SPECIAL ASSESSMENTS—*nature of assessment roll and objections in special assessment proceeding.* The assessment roll in a proceeding to levy a special assessment stands in the place of a declaration, and the objections answer the purpose of a plea to the extent that they give information to the people of the defense intended to be made.

2. SAME—*when objection need not be in writing.* Where an objection is made, on application to confirm a special assessment, that the petition was not filed by any officer of the municipality, and such objection is understood by both parties and is decided by the court, the case may be submitted without a written objection.

3. SAME—*petition must be filed by some officer designated in ordinance.* Under the Local Improvement act the ordinance must designate some officer to file the petition in the name of the municipality, and it is not sufficient to designate a certain person to file the petition as attorney for the petitioning village where such person has never received an appointment as attorney for the village, even though there is a general ordinance creating the office of village attorney, which has been vacant ever since it was created.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

GLENNON, CARY, WALKER & HOWE, for appellant.

ODE L. RANKIN, (B. F. LANGWORTHY, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Indiana Harbor Belt Railroad Company appealed from a judgment of the county court of Cook county confirming a special assessment made by the village of Melrose Park for the purpose of laying a water main in certain streets, and the only question is the jurisdiction of the county court.

The statute requires the local improvement ordinance to designate some officer to file a petition in some court of record in the county in the name of the municipality praying that steps may be taken to levy a special assessment for the improvement, and that it shall be the duty of the officer specified to file the petition. In *City of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co.* 263 Ill. 352, we held that the county court could acquire jurisdiction only by the filing of a petition by the officer specified in the ordinance. The ordinance in question here did not specify any officer to file a petition, but by section 6 directed that Ode L. Rankin, as attorney for the said village, be and is hereby directed to file a petition in the county court of Cook county, in the State of Illinois, in the name of the village of Melrose Park, praying that steps may be taken to levy a special assessment, etc. Rankin was not the city attorney. There is a general ordinance of the village creating the office, but the office has been vacant ever since the ordinance was passed. All the business was done by special appointment. Rankin had never received an appointment as village attorney. On the part of the appellee it is insisted that this objection was not presented to the county court and that there is nothing in the abstract to show what objections were filed. The abstract shows in reference to the objections filed, only, "objections filed by Glennon, Cary, Walker & Howe on September 9, 1915," without any statement as to what the objections were. The abstract of the bill of exceptions shows that on a hearing the objector asked that the petition be dismissed because there was no officer of the village named in it authorized by law to file the petition. It also shows that Rankin was examined as a witness on this question, and that the court overruled the objection that the petition was not filed by an officer of the village.

The assessment roll in a proceeding of this character stands in the place of a declaration, and the objections answer the purpose of a plea to the extent that they give in-

formation to the people of the defense intended to be made. While they are intended to be in writing, there is no reason why this requirement may not be waived and the parties may not submit the case, if they choose, without written objections. There is no question in the record but that the objection was made, was understood by both parties and was decided by the court.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*