(No. 12960.—Reversed and remanded.)

THE CITY OF CHRISMAN, Appellee, *vs.* J. FAY CUSICK, Appellant.

*Opinion filed December 17, 1919.*

1. SPECIAL ASSESSMENTS—*under commission form of government the council must originate scheme for improvement.* The amendment of 1917 to section 23 of article 13 of the Cities and Villages act, providing for the commission form of government, eliminates the board of local improvements and confers upon the city council the powers and duties previously exercised by such board, and in cities under the commission form of government the council must now originate the scheme for a local improvement.

2. STATUTES—*later statute must govern.* Where two statutes on the same subject cannot be reconciled or stand together, the later expression of the legislative will must prevail.

APPEAL from the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding.

J. FAY CUSICK, *pro se.*

JOSEPH E. DYAS, and RICHARD S. DYAS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, J. Fay Cusick, objected to the application of the appellee, the city of Chrisman, to the county court of Edgar county for the confirmation of a special assessment against lot 11, in block 20, of Railroad addition to the city. The ordinance for the improvement was entitled "An ordinance prepared and transmitted and its passage recommended by the board of local improvements of the city of Chrisman for the improvement of Illinois street, Monroe avenue and Colorado street by grading, curbing and paving the same." The objection was that the scheme for the improvement originated with the board of local improvements; that the resolution for the improvement was adopted, the ordinance prepared and presented with an estimate of costs by the board of local improvements, and all the proceedings up to the passage of the ordinance were conducted by the board. The objection was overruled and judgment was rendered against the appellant and the lot for the amount of the special assessment.

The Local Improvement act as passed in 1897 and as subsequently amended provided for a board of local improvements, and that all ordinances for any local improvement to be paid for wholly or in part by special assessment or special taxation should originate with the board of local improvements. The act was a part of the scheme of municipal government of all cities, villages and incorporated towns organized under the general Incorporation act or which might adopt the Local Improvement act, and it provided a method of procedure before the board of local improvements. In 1910 the General Assembly amended the general act for the incorporation of cities and villages by adding article 13, which provided for the commission form of municipal government, (Laws of 1910, p. 12,) and this form of government was adopted by the city of Chrisman.

Section 23 of the act provided that the council should exercise the executive, legislative and administrative powers and duties of officers of cities and villages incorporated under the general Incorporation law, "except that in each city or village organized under and adopting the provisions of this act the board of local improvements, provided for, in and by an act entitled, 'An act concerning local improvements,' approved June 14, 1897, in force July 1, 1897, and all acts amendatory thereto, shall be and remain a separate and distinct body, with all the rights, powers, duties and authority in said act contained." In 1915 section 6 of the Local Improvement act, which provided for the organization and membership of the board of local improvements, was amended by adding the following: "*Provided, however,* that in cities having a population of less than fifty thousand (50,000) and in villages and incorporated towns which have heretofore adopted or shall adopt an act known as 'The Commission Form of Municipal Government' act, it shall be lawful for the council of said city, village or incorporated town to provide by ordinance that the board of local improvements shall consist of the mayor and any two or more of the commissioners, regardless of whether or not said offices of public engineer and superintendent of streets are provided for by ordinance." (Laws of 1915, p. 286.) In 1917 section 23 of article 13, which provided for the commission form of government, was amended so that after the provision for the exercise of executive, legislative and administrative powers and duties by the council it reads as follows: "The council shall have and possess, and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the board of local improvements, provided for, in and by an act entitled, 'An act concerning local improvements,' approved June 14, 1897, in force July 1, 1897, and all acts amendatory thereto and in all such cities and villages that shall hereafter adopt this act, or that shall have heretofore

adopted this act, in enforcing said act, concerning local improvements, herein set out, the person who spreads assessments shall be selected in each case by a majority vote of said council and its members, and all local improvements, contracts and bonds or warrants issued in pursuance thereof, or either of them, may and shall be signed by the mayor or by any three members of the council." (Laws of 1917, p. 284.)

The argument in support of the judgment is, that inasmuch as the repeal of statutes by implication is not favored and there was no express repeal in the act of 1917 of the proviso to section 6 of the Local Improvement act, that section as amended in 1915 is still in force. That position can not be sustained. Article 13, which authorized the commission form of municipal government, provided for a council to exercise the governmental powers but excepted the board of local improvements, which was to remain a separate and distinct body, with the rights, powers, duties and authority contained in the Local Improvement act. The act of 1917 eliminated the board of local improvements and conferred the powers and duties previously exercised by such board upon the council. There was no repeal or attempt to repeal the general provisions of the Local Improvement act, but it was provided that the powers previously exercised by the board of local improvements should be exercised by the council itself. Even if the question of a repeal by implication were involved, the acts of 1915 and 1917 cannot be reconciled nor stand together and the latest expression of the legislative will must prevail. The act of 1917 gives exclusive power to the council to originate a scheme for a local improvement where the commission form of government has been adopted.

The court erred in overruling the objection, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*