---

(No. 15702.—Judgment affirmed.)
THE CITY OF DECATUR, Appellant, *vs.* W. M. GERMAN *et al.* Appellees.

*Opinion filed December 19, 1923—Rehearing denied Feb. 14, 1924.*

1. STATUTES—*a statute is repealed by implication when a later act cannot be harmonized with it.* Repeals by implication are not favored, but an implied repeal of an act must result when the terms of a later act are repugnant to and cannot be harmonized with the earlier act.

2. SAME—*intention of a statute must be expressed in its words.* The object of all statutory construction is to ascertain the legislative intent, which is to be sought from the language used in the statute, and if the words are free from ambiguity other means of interpretation cannot be resorted to, as there can be no intention in a statute which is not expressed in its words.

3. SAME—*plain meaning of statute cannot be changed by judicial construction.* A construction which will occasion public and private mischief will not be given the language of a statute if it is capable of a construction which will avoid that result, but no rule of construction authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.

4. SPECIAL ASSESSMENTS—*since the act of 1923 board of local improvements must originate improvement in cities under commission form.* The act of 1923 re-enacting the proviso of the amendment of 1915 to section 6 of the Local Improvement act provides in plain terms for a board of local improvements in cities of less than 50,000 population under the commission form of government, and it has repealed the act of 1917 abolishing the board of local improvements in such cities, and under the Local Improvement act the resolution for an improvement in such cities must originate with the board and not with the city council.

THOMPSON, J., dissenting.

APPEAL from the County Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding.

LEE BOLAND, Corporation Counsel, for appellant.

McDAVID, MONROE & HERSHEY, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The city of Decatur has adopted and is operating under the Commission Form of Municipal Government act. It has a population of less than 50,000. On the 17th day of July, 1923, the council adopted a resolution originating a public improvement, and such proceedings were had that a public hearing was held and a resolution adopted adhering to the proposed improvement; also an ordinance was passed and other steps taken, and an assessment roll was filed. At the hearing of the confirmation of the assessments, property owners who are appellees here filed objections to the confirmation. The county court sustained the objections and dismissed the petition, from which judgment the city of Decatur prosecuted this appeal.

The question material to a determination of the case is whether the improvement should have been originated by a board of local improvements or with the city council.

Section 6 of the Local Improvement act of 1897 provided who should constitute the board of local improvements. It was amended several times, and as amended in 1913 provided that in cities having a population of less than 50,000, and in villages and incorporated towns, the board of local improvements shall consist of the mayor or president of the village or town, who shall be president of the board, and the public engineer and the superintendent of streets, when such officers are provided for by ordinance, and if no such officers are provided for, the council or board

of trustees shall by ordinance designate two or more members of such body, who shall, with the mayor as president, constitute the board of local improvements. In 1915 section 6 was again amended by re-enacting the section as amended in 1913 and adding a proviso that when cities having a population of less than 50,000, and villages and towns, had adopted or should adopt the Commission Form of Municipal Government act, it shall be lawful to provide by ordinance that the board of local improvements should consist of the mayor and any two or more of the commissioners, regardless of whether or not the offices of public engineer and superintendent of streets are provided for by ordinance. In 1917 the legislature amended the Commission Form of Municipal Government act, and provided that in cities organized under or adopting that act "the council shall have and possess, and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the board of local improvements, provided for, in and by an act entitled 'An act concerning local improvements,' approved June 14, 1897, in force July 1, 1897, and all acts amendatory thereto," etc.

In *City of Chrisman* v. *Cusick,* 290 Ill. 297, the court considered objections to a local improvement. The city of Chrisman had adopted the commission form of government, and the scheme for the improvement originated with the board of local improvements and all the proceedings up to the passage of the ordinance were conducted by the board. It was contended in support of the validity of the proceeding that the act of 1917 contained no express repeal of the proviso to the act of 1915 amending section 6, and that proviso should not be held to have been repealed by implication. The court held the act of 1917 did not attempt to repeal the general provisions of the Local Improvement act but eliminated the board of local improvements in cities which had adopted the commission form of govern-

310—38

ment and conferred the powers and duties of such board on the council. The court said, even if the question of repeal by implication was involved the two acts could not be reconciled and the latest expression of the legislature must prevail.

The material question presented by this record for decision is whether, under the present state of the law, the council of a city which is operating under the commission form of government may lawfully originate a local improvement or whether it must be originated by the board of local improvements. This court in the case above cited held the proviso to the amendment of section 6 in 1915, which provided for a board of local improvements in cities under the commission form of government to consist of the mayor and two or more commissioners, did not govern after the amendment to the Commission Form of Government act in 1917, which eliminated the board and conferred its powers and duties on the council. Did the legislature intend, by re-enacting the amendment of 1915, to repeal the amendment of 1917 abolishing the board of local improvements in cities under the commission form of government and conferring its powers and duties upon the council? The provisions of the act of 1923 for a board of local improvements in cities under the commission form of government are identical with the act of 1915, which we held in the *Chrisman case* was superseded by the act of 1917.

Appellant contends the re-enactment in 1923 of section 6 as amended in 1915 could not affect the intermediate act of 1917; that the 1917 act remained in force and effect, and it cites section 2 of chapter 131 of Smith's Statutes, which reads: "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enactment." The situation we have to deal with is whether the act of 1917, as affecting cities under

the commission form of government, is repugnant to and irreconcilable with the act of 1923. We held in the *Chrisman case* the act of 1915 was superseded by that of 1917. That opinion was filed in December, 1919, and the legislature is presumed to have known of that decision. Four years after the decision in that case the legislature re-enacted the identical provision which we held was irreconcilable with the act of 1917. The act of 1923 contains no express repealing clause, and, it is true, repeals are not favored by implication, but an implied repeal must result when the terms of the later act are repugnant to and can not be harmonized with the earlier act. The primary rule of the construction of statutes is to ascertain and give effect to the intention of the law-making body. The intent of the statute is the law, and the object of all interpretation is to ascertain that intent. The intention is to be sought first in the language implied in the statute, and if its words are free from ambiguity and doubt, other means of interpretation cannot be resorted to. If its meaning is clear although its consequences may be evil, they can only be avoided by a change of the law by the legislature and not by judicial construction. There can be no intent of a statute not expressed in the words of it. These rules of statutory construction are laid down in Lewis' Sutherland on Statutory Construction and in numerous text books and decisions on the subject. There are no words in the act of 1923 to indicate any intention that it should not operate to repeal the act of 1917 relating to boards of local improvement in cities under the commission form of government. The act of 1923, except for a paragraph of seven or eight lines relating to cities and villages organized under a special charter and not here material, inserted just before the proviso which contains the provision for boards of local improvement in cities under the commission form of government, is in the identical language of the act of 1915. If it was competent for the legislature to repeal the 1915 pro-

viso by the act of 1917 amending the Commission Form of Government act, it would seem the legislature could also repeal the 1917 act by re-enacting the proviso to the act of 1915. In plain terms, the act of 1923 provides for a board of local improvements in cities under the commission form of government, and that was the law prior to 1917. We know of no reason why the legislature thought it advisable to take from the council the authority conferred upon it by the act of 1917 to exercise the powers and duties of a board of local improvements and require those powers and duties to be performed by a board of local improvements the same as the law required when the act of 1917 was adopted, but we are not permitted to say it did not intend what the statute plainly requires. It may be, as counsel for appellant argues, that the only purpose of amending section 6 in 1923 was to add the provision therein contained relating to cities and villages organized under a special charter, and that the addition to the act of the same provision of the act of 1915 which was superseded by the act of 1917 was an inadvertence, but there is nothing in the act to indicate that it was.

Consideration of what is reasonable or what will cause hardship or injustice are potent influences where a statute is susceptible of two constructions without doing violence to its language. A construction which will occasion public and private mischief will not be given the language of the statute if it is capable of a construction which will avoid that result, but no rule of construction authorizes a court to declare that the legislature did not mean what the plain and unambiguous language of the statute imports. Whether an act is wise or will cause hardship is not a judicial question. That the act of 1923 will cause hardship we think is altogether probable, as there are possibly other local improvements in cities under the commission form of government where the council has originated local improvements. This very case is an illustration of the hardship.

The improvement here under consideration was originated seventeen days after the law of 1923 went into effect and before it had been published. But those things afford no warrant to a court to say that it was not the intention of the legislature that the act should be effective according to the purport and meaning of its terms. If we could see any legal ground upon which we could base a decision that the act of 1923 relating to boards of local improvement in cities under the commission form of government was not intended to take effect or to supersede the act of 1917 we would be very glad to do so. The portion of the 1923 act referred to is limited exclusively to the purpose of providing for boards of local improvement in cities of less than 50,000 population which are operating under the commission form of government. If we were to hold it was not intended that it should be effective in such cities we would be compelled to say the legislature had no purpose or intent of any kind in passing the act. This we cannot say and have no authority to say, for the passage of the act was within the legislative power, and no court has any authority to say that a legislative body did not mean anything by the enactment of a statute. We must assume the legislature believed a return to the board of local improvements, as required by the law in existence when the 1917 act was passed, was desirable. That we are unable to see any reason why that is so is immaterial. That question was one for determination by the legislature, and its decision is not subject to review by courts.

It follows from the views we entertain and have expressed that the judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting:

It is a familiar rule that when the legislature enacts an amendatory statute providing that a certain act shall be amended so as to read as repeated in the amendatory act

and no change is made in the wording of the old act, such portions of the old law as are repeated in the new act are to be regarded as a continuation of the old law and not the enactment of a new law on that subject. (*People* v. *Lloyd,* 304 Ill. 23; *Svenson* v. *Hanson,* 289 id. 242.) The Local Improvement act is general in character and applies to all cities, while the Commission Form of Municipal Government act is special in character and applies only to those cities adopting it. If there were no provision in the latter act concerning the board of local improvements the general provisions of the former act would govern. The two acts do not conflict. They can be construed together and both given effect. If the Governor had vetoed the amendatory act of 1923 it would not have nullified the old statute repeated in the act but it would have nullified only the paragraph inserted by the amendment, and so the approval of the Governor was only of the proposed amendment and did not operate upon other portions of the statute printed in the act for the purpose of identifying the place of the amendment and to enable the legislators and the Governor to form an opinion as to its fitness, relation to and effect upon the whole statute. Carelessness in drafting bills causes much needless confusion, but it is the duty of the court to declare the manifest intention of the legislature if it can be ascertained. The amendatory act should not have contained the proviso applying to cities which had adopted the commission form of municipal government because it was a dead letter, but I do not regard its repetition in the new act as indicative of a legislative intent to repeal the act of 1917, as the court holds.