THE PEOPLE ex rel. Joseph F. Kilduff, County Collector, Appellant, vs. L. W. BREWER et al. Appellees.

*Opinion filed December 21, 1927—Rehearing denied Feb. 20, 1928.*

1. SPECIAL ASSESSMENTS—*act of 1923 restores board of local improvements in cities under commission form.* The re-enactment, in 1923, of section 6 of the Local Improvement act as amended in 1915 repeals the amendment of 1917 to section 23 of article 13 of the Cities and Villages act, conferring on city councils in cities of less than 50,000 under the commission form of government the duties of boards of local improvements, and restores such boards in said cities as separate and distinct bodies, with the power and duties prescribed by the Local Improvement act.

2. SAME—*county court must acquire jurisdiction of particular case as provided in Local Improvement act.* While in local improvement cases the law gives jurisdiction to county courts to hear and determine the subject matter presented, jurisdiction of each particular case must be acquired in the manner prescribed in the Local Improvement act.

3. SAME—*assessment is not delinquent until confirmed as provided in section 84 of Local Improvement act.* A special assessment is not delinquent until confirmed by the court upon the certificate of the board of local improvements as provided in section 84 of the Local Improvement act, and until there has been a hearing on the certificate of completion and an order of approval entered there is no delinquency in the failure to pay an assessment.

4. SAME—*purpose of invoking judicial authority in local improvement matters.* The purpose of invoking the judgment, order or decree of the court in local improvement cases is to protect by judicial investigation and determination the rights of holders of improvement bonds, the municipality, and property owners whose property is subject to the burden of the assessment.

5. SAME—*when court has no jurisdiction to act on certificate of completion of work—collateral attack.* As the act of 1923 restores boards of local improvements in cities of less than 50,000 under the commission form of government, the county court has no jurisdiction to act on the certificate of completion of the work when such certificate is presented by the city council and not by the board of local improvements, as provided in section 84 of the Local Improvement act, regardless of whether the improvement was instituted prior to July 1, 1923, and any order of the court

approving the certificate in such case is a nullity for want of jurisdiction and may be collaterally attacked on the collector's application for judgment and order of sale for delinquent assessments.

6. JURISDICTION—*jurisdiction must be invoked as provided by statute.* Jurisdiction of the subject matter does not depend upon the sufficiency of the pleading, whether a declaration, bill or petition, but, where the mode of acquiring jurisdiction is prescribed by statute, strict compliance therewith is essential or the proceedings will be a nullity.

7. SAME—*what constitutes jurisdiction.* Jurisdiction is the power to hear and determine any subject matter in controversy or presented for judicial determination and includes both jurisdiction of the subject matter of the particular action and of the parties, and if the law confers the power to render the judgment or decree upon the facts shown invoking its exercise, then the court has jurisdiction.

8. SAME—*special jurisdiction must appear from record.* While in the exercise of general jurisdiction nothing will be presumed to be without the jurisdiction unless it so appears, if the court is exercising a special or limited jurisdiction the existence of such jurisdiction must appear from the record.

9. SAME—*judgment entered without jurisdiction is a nullity and may be collaterally attacked.* Where lack of jurisdiction appears, the judgment is a nullity and may be attacked whenever and wherever an attempt is made to enforce it.

DeYoung, J., Heard, C. J., and Stone, J., dissenting.

APPEAL from the County Court of LaSalle county; the Hon. HARRY B. RECK, Judge, presiding.

ELMER J. MOHAN, County Attorney, and H. L. RICHOLSON, City Attorney, (RICHOLSON, ARMSTRONG & O'MEARA, of counsel,) for appellant.

BUTTERS & BUTTERS, and WOODWARD, HIBBS & POOL, for appellees.

Mr. COMMISSIONER CROW reported this opinion:

The county collector of LaSalle county made application to the county court of that county for judgment and order of sale of lots and parcels of land returned delinquent

for non-payment of the first, second and third installments
of a special assessment levied by the city of Ottawa. Ob-
jections were filed by a considerable number of property
owners, and on a hearing certain of the objections were
sustained and others were overruled. The application was
denied and the county collector prosecutes this appeal.

The city of Ottawa filed a petition in the county court
of LaSalle county for the levy of a special assessment for
paving parts of Joliet and certain other streets in that city.
Proceedings followed which resulted in the confirmation of
the assessment, and thereafter the improvement was made.
On August 22, 1923, the city council certified to the county
court that the improvement had been completed and ac-
cepted; that its cost was $255,082.26; that the amount
estimated by the council to be required to pay accruing in-
terest on bonds and vouchers issued to anticipate collection
of the assessment was $1000; that the total amount as-
sessed for the improvement upon the public and private
property was $265,671.60; that the sum exceeded the cost
of the improvement and the amount estimated to be re-
quired to pay the interest as stated and that the difference
should be abated and the judgment reduced proportionately;
that the assessment was divided into installments, and that
the improvement conformed substantially to the require-
ments of the original ordinance providing for its construc-
tion. The certificate was signed by the mayor and two
commissioners, all of whom were members of the city coun-
cil. The time and place for the hearing on the certificate
of completion and acceptance were fixed and notice was
given as prescribed by section 84 of the Local Improve-
ment act. Objections to the approval of the certificate were
filed. These objections not only charged that the improve-
ment had not been constructed in accordance with the ordi-
nance authorizing it, that the cost as certified included im-
proper items and that the amount reserved for interest was
excessive, but also that no certificate of final completion

and acceptance had ever been made by the proper authorities of the city of Ottawa, and that the county court was for that reason without jurisdiction to entertain the certificate or to adjudicate the issues raised upon it. A change of venue was taken to another county judge, who, after a hearing, entered an order on December 18, 1923, finding, among other things, that the court had jurisdiction of the subject matter and of the parties; that the application and certificate were legal and sufficient; that the improvement conformed substantially to the requirements of the ordinance, but that its cost as certified was excessive to the extent of $2600. The objections were sustained so far as the excess was concerned and overruled in all other respects, the certificate so modified was approved and confirmed, and the portion of the assessment in excess of $253,482.26 was ordered abated and credited *pro rata* upon the respective lots and parcels of land. No further action was taken in the cause until September 12, 1924, when a motion was made before the judge from whom the change of venue had been taken, to withdraw the assessment roll. The motion was allowed and the roll was withdrawn and revised to conform to the final order of December 18, 1923, by crediting the reduction upon the first installment of the assessment. On September 19, 1924, the revised assessment roll was ordered confirmed by the judge who had allowed the withdrawal of the roll on the 12th of September.

The objections which were sustained to the county collector's application charged that the certificate of the completion and acceptance of the improvement was issued by the council and not by the board of local improvements; that this fact appeared on the face of the record; that the county court was therefore without jurisdiction to enter the order approving and confirming the certificate, and that this want of jurisdiction was available as a defense in this case. Appellant, on the contrary, insists that the county court, in the hearing upon the certificate, had jurisdiction

of the subject matter and of the parties; that its order pursuant to that hearing is valid and binding; that appellees' objections challenging the validity of that order constitute merely a collateral attack upon it, and that the order is not subject to such an attack in this proceeding.

The General Assembly in 1910 amended the general act for the incorporation of cities and villages by adding article 13, which provides for the commission form of municipal government. (Laws of 1910, p. 12.) Prior to the time the city of Ottawa filed its petition for the confirmation of the special assessment in question it had adopted and is now operating under that form of municipal government. Section 23 of article 13 as originally enacted provided that the council should have and possess, and the council and its members should exercise, the executive and legislative powers and perform the duties of officers of cities and villages incorporated under the general Cities and Villages act, "except that in each city or village organized under and adopting the provisions of this act, the board of local improvements, provided for, in and by an act entitled, 'An act concerning local improvements,' approved June 14, 1897, in force July 1, 1897, and all acts amendatory thereto, shall be and remain a separate and distinct body, with all the rights, powers, duties and authority in said act contained." Section 6 of the Local Improvement act created the board of local improvements and provided for its membership. In 1915 that section was amended by adding the following: *"Provided, however,* that in cities having a population of less than fifty thousand (50,000) and in villages and incorporated towns which have heretofore adopted or shall adopt an act known as 'the Commission Form of Municipal Government' act, it shall be lawful for the council of said city, village or incorporated town to provide by ordinance that the board of local improvements shall consist of the mayor and any two or more of the commissioners, regardless of whether or not said offices of

public engineer and superintendent of streets are provided for by ordinance." (Laws of 1915, p. 286.)

Section 23 of article 13 of the Cities and Villages act was amended in 1917 by striking out the provision which retained the board of local improvements as a separate and distinct body and inserting instead: "and the council shall have and possess, and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the board of local improvements, provided for, in and by an act entitled, 'An act concerning local improvements,' approved June 14, 1897, in force July 1, 1897, and all acts amendatory thereto and in all such cities and villages that shall hereafter adopt this act, or that shall have heretofore adopted this act, in enforcing said act, concerning local improvements, herein set out, the person who spreads assessments shall be selected in each case by a majority vote of said council and its members, and all local improvements, contracts and bonds or warrants issued in pursuance thereof, or either of them, may and shall be signed by the mayor or by any three members of the council." (Laws of 1917, p. 284.) The amendment of 1917 to section 23 abolished the board of local improvements in cities under the commission plan of municipal government and conferred upon the council in such cities the powers and duties previously exercised by that board. *City of Chrisman* v. *Cusick,* 290 Ill. 297; *City of Dixon* v. *Atkins,* 298 id. 494; *City of Centralia* v. *Knowlton,* 311 id. 248.

In 1923 section 6 of the Local Improvement act as amended in 1915 was re-enacted without change so far as cities of less than 50,000 population under the commission form of municipal government were concerned. (Laws of 1923, p. 192.) The re-enactment of section 6, effective July 1, 1923, repealed the amendment of 1917 to section 23 of article 13 of the Cities and Villages act abolishing the board of local improvements in such cities and conferring

its powers and charging its duties upon the council. (*City of Decatur* v. *German,* 310 Ill. 591.) From July 1, 1923, therefore, the board of local improvements has been restored in the cities designated as a separate and distinct body, with the power, authority and duties prescribed by the Local Improvement act.

The certificate of the completion and acceptance of the improvement was made by the council and filed on August 22, 1923, after the re-enactment of section 6 of the Local Improvement act required such a certificate to be made by the board of local improvements. Objections to the approval and confirmation of the certificate were filed, a hearing followed, and with a slight modification the certificate was approved and confirmed. Appellees do not claim that the county court failed to fix the time and place for the hearing to determine whether or not the facts stated in the certificate were true, or that notice of such hearing, as required by section 84 of the Local Improvement act, was not given. They do not attack the order on that certificate for the lack of jurisdiction of their persons, but they insist that the county court had no power or authority to determine the issues raised by the certificate, and the objections thereto, because the certificate was made and filed by the council and not by the board of local improvements. The question, then, is whether the county court had jurisdiction of the subject matter.

The certificate of completion of the work was made by the city council of the city of Ottawa. The record shows it was presented to the county judge on August 22, 1923. The statute only required it to be presented, but the order of the judge by whom the cause was heard on change of venue recites that it was filed on the 27th day of August, 1923. The statute denies the right of appeal or writ of error to review the court's order and makes it conclusive upon all the parties. The sole question presented for decision is whether the certificate upon which the order of the

court was made was sufficient to authorize the court to
make it. Otherwise stated, was it such a certificate as con-
ferred jurisdiction of the subject matter?

Jurisdiction of the subject matter must be found in and
derived from the law, and in local improvement cases the
law gives jurisdiction to county courts to hear and deter-
mine the subject matter presented. But jurisdiction of a
particular case must be acquired. Where the mode of ac-
quiring jurisdiction is prescribed by statute, strict compli-
ance therewith is essential or the proceedings will be a
nullity. (*Sumner* v. *Village of Milford,* 214 Ill. 388; *City
of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co.*
263 id. 352.) The jurisdiction of the subject matter does
not depend upon the sufficiency of the pleading, whether a
declaration, bill or petition. Although the cause be defect-
ively stated, that does not destroy jurisdiction. Jurisdiction
is the power to hear and determine the subject matter in
controversy between the parties to the suit. If the law
confers the power to render the judgment or decree upon
the facts shown invoking its exercise, then the court has
jurisdiction. In *Conlin* v. *People,* 190 Ill. 400, the objec-
tion was overruled on application of the collector for sale
to satisfy special taxes. The objection was that the peti-
tion was not signed by a sufficient number of owners in
the block to be improved. The application to the county
court for the levy of the tax alleged the presentation of a
proper petition to the board of local improvements. The
court said: "The objections in this case were not based
upon want of notice, and the filing of a petition was not
questioned but was proved. Upon filing of the petition for
the levy of the tax and giving notice as required by law
the county court acquired jurisdiction to decide whether
the petition was signed by a majority of the property own-
ers. Having jurisdiction its determination cannot be as-
sailed as attempted by plaintiff in error." In *Gage* v. *Peo-
ple,* 219 Ill. 634, it was held that a special assessment is

not delinquent until confirmed by the court upon the certificate of the board of local improvements and that it is mandatory. A report of any other board could not be made the basis for judicial action in a statutory proceeding. As applied to a particular controversy, jurisdiction is the power to hear and determine that controversy. (*Sumner* v. *Village of Milford, supra; People* v. *Ford,* 289 Ill. 550.) But jurisdiction is acquired only in the manner pointed out by the statute in special statutory proceedings. Many cases lay down the doctrine of jurisdiction as stated. There is no difference in the statement of the principle governing jurisdiction, but, resting upon general principles, the difference arises and is decided in its application to a particular case.

Counsel for appellant contend that in collateral proceedings every presumption is in favor of the validity of the judgment attacked, and that lack of jurisdiction to enter it must appear on the face of the record of the proceedings or the judgment will stand. That is the rule controlling collateral attack. But, depending for validity upon the record, the question recurs, What constitutes the record rendering the judgment in question subject to or immune against attack?

This court answered the question as to what constitutes a judicial record in *Vail* v. *Iglehart,* 69 Ill. 332. The proceeding was instituted by petitioner to restore a judgment record destroyed by fire. While it was held that only the substance need be restored, it was necessary to determine what constitutes the whole. On this point it was said: "What, then, is the meaning of the words 'record of any judgment,' as they are used in this act? It seems to be argued by appellee as if their meaning is, in his opinion, to be limited to the final entering of the judgment of the court by the clerk in the proper record. This, to our apprehension, is entirely too narrow a construction to accomplish the purposes of the act, nor do we understand that such

is the plain and obvious import of the words used. The record of a judgment at common law was known as the judgment roll, and this included as well the pleadings, process, etc., as signing judgment.—Stephen on Pleading, 24 *et seq.;* Freeman on Judgments, sec. 75." The definition of the constituent parts of a judicial record is approved in *Furthman* v. *McNulta,* 182 Ill. 310. See, also, 3 Cooley's Blackstone, 316; 15 Corpus Juris, 971.

Jurisdiction is the power to hear and determine any subject matter in controversy or presented for judicial determination, and is of two classes: of the subject matter of a particular action, and of the parties. While the general rule is that in any action by courts of general jurisdiction nothing will be presumed to be without the jurisdiction unless it so appears, if the court is exercising a special or limited jurisdiction its existence must appear from the record. It is true that jurisdiction of the subject matter means the power—the legal authority—to hear and determine the general class of cases to which the particular action belongs and that the authority is always conferred by law; but courts never undertake, of their own motion, to enforce obligations or to protect rights, therefore something must be done to "set the court in motion." That confers jurisdiction of the particular controversy. The object of every legal proceeding is to settle—to put at rest—the question that provoked it. Every such question then becomes *res judicata* if the court had jurisdiction, and not subject to further investigation except upon appeal or error.

The purpose of invoking the judgment, order or decree of the court in local improvement cases is to protect, by judicial investigation and determination, the rights of holders of improvement bonds, the municipality, and property owners whose property is subject to the burden of the assessment. (*Case* v. *City of Sullivan,* 222 Ill. 56.) It is clear, therefore, that the mere power conferred by law upon the court to hear and determine a question authorized

or required by law to be determined is not the whole of jurisdiction. When the decisions speak of the powers of the court being invoked they refer to the action of the party complaining or petitioning as an integral factor in bringing about the court's jurisdiction of a particular case, whether *ex parte* or between parties, in which the law empowers it to act. The element authorizing action as to subject matter for decision is the presentation to the tribunal, in the manner appointed by law, of such facts as the law requires it to act upon. In cases at law a declaration, in equity a bill, and in statutory proceedings a petition or report, is the usual method of invoking the exercise of jurisdiction. If the court acts and expresses the result of its deliberation in a final judgment, order or decree, and the facts, however well stated, do not authorize it, as matter of law, to act, jurisdiction is lacking and the judgment rendered is a nullity. The test of jurisdiction is not whether a court of review would reverse the judgment rendered. An appellate court would reverse a judgment on the ground that it was rendered without jurisdiction, but it is begging the question to say that because a reviewing court on appeal or error would reverse the judgment or order, therefore it can be attacked in no other manner.

In this case, arising out of a purely statutory proceeding, the statute requires that when the work is completed the board of local improvements shall make a certificate of completion of the work as the foundation for judicial action. If there is no certificate conforming to the statute there can be no valid judgment or order. The municipality can only act in that respect through the agency designated by the legislature. A functionary not designated by the statute has no authority to bring to the attention of the court for its action the matter of the proper completion of the improvement. Exercising statutory powers, statutory methods must be strictly pursued. The finality attributed by appellant to the order of the county court depends upon

its acquiring the power to make the order upon the record presented to it. If it could not legally hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority,—it had no authority to make that finding. (*Goudy* v. *Hall,* 30 Ill. 109.) When the statute requires a particular board to make a report in a statutory proceeding, by necessary implication it denies the right to any other person or body to make it. It is not a valid answer to the objection that it makes no difference. The law-making power made the difference, and the courts cannot change the law. Nothing will be presumed in favor of jurisdiction in the face of facts appearing in the mandatory record showing it did not exist. The record in this case is not silent on that subject. The validity of the order, therefore, cannot be aided by presumption, or by the finding of the court that it possessed jurisdiction, or in acting upon the assumption that it did possess it. (*Sumner* v. *Village of Milford, supra; City of Chicago* v. *Stein,* 252 Ill. 409; *City of Casey* v. *Cincinnati, Hamilton and Dayton Railway Co. supra; Village of Melrose Park* v. *Indiana Harbor Belt Railroad Co.* 275 Ill. 74.) Examples of the application of the rule are: Proceedings by attachment, whether in the county or circuit court, (*Haywood* v. *Collins,* 60 Ill. 328; *Firebaugh* v. *Hall,* 63 id. 81;) to proceedings to condemn land by the exercise of the power of eminent domain, (*Chicago and Northwestern Railway Co.* v. *Galt,* 133 Ill. 657;) to proceedings in election matters, (*Kinsloe* v. *Pogue,* 213 Ill. 302; *People* v. *McWeeney,* 259 id. 161;) to proceedings for the adoption of minors. (*Musselman* v. *Paragnik,* 317 Ill. 597.) In each of these cases the order of a court in the exercise of a statutory jurisdiction not shown by its records to have been acquired in strict conformity to the statute was held to be void and to afford no basis for the prosecution of a claimed right or for defense against one. *A fortiori,* where lack of jurisdiction appears, the judg-

ment may be attacked whenever and wherever an attempt is made to enforce it.

Counsel for appellant seem to contend that while the certificate of completion was presented after July 1, 1923, (the work having been completed before that time,) section 84 does not apply. This contention is not sound. All steps in making the contract for the improvement would be governed by the law in force at the time of making it, but, the work being completed, the filing of the certificate of completion was a step necessary to validate the bonds issued in payment. There is no exception or saving clause in the act that limits the certificate by the board of local improvements to work begun before it became effective. The courts are powerless to make exceptions where the legislature saw fit to make none. There would be no delinquency in the failure to pay the assessment until a hearing on the certificate of completion and an order of approval entered. That the statute in force at the time when the certificate of completion is presented and action had on it applies, was decided by this court in *City of Decatur* v. *German, supra, Illinois Central Railroad Co.* v. *City of Wenona,* 163 Ill. 288, and *People* v. *Clark,* 283 id. 221.

The record of the county court upon the certificate of completion, consisting of the certificate signed by the city council and the formal order of the court approving it, discloses that it was without jurisdiction to make the order, and it was therefore void. The special assessment was not due, and the property owners could not be required to pay it, nor any of it, until the court made a finding that the work was completed in accordance with the ordinance authorizing the improvement. The certificate of completion did not confer jurisdiction upon the court to make a finding or order, as required by section 84 of the Local Improvement act. No finding or judgment could be made that the special assessment was delinquent.

The county court did not err in sustaining the objections of the tax-payers to the application of the treasurer for an order of sale of the property to enforce the payment. Its order sustaining the objections is therefore affirmed.

Per CURIAM :   The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*

DeYOUNG, J., HEARD, C. J., and STONE, J., dissenting:

As applied to courts, jurisdiction is authority conferred by law to hear and determine controversies concerning certain subjects.   Jurisdiction of the subject matter is the power to hear and determine causes of the general class to which the proceeding in question belongs, and such jurisdiction must be found in and derived from the law.   (*People* v. *Ford,* 289 Ill. 550; *Sumner* v. *Village of Milford,* 214 id. 388.)   As applied to a particular controversy, jurisdiction is the power to hear and determine that controversy. (*People* v. *Ford, supra; People* v. *Talmadge,* 194 Ill. 67.) Jurisdiction of the subject matter does not depend upon the sufficiency of the pleadings or the rightfulness of the decision.   (*O'Brien* v. *People,* 216 Ill. 354.)   The exercise of jurisdiction may be erroneous, but if the court has authority to decide the cause every party properly brought before it must make his defense, and the judgment can only be set aside by appeal or writ of error when such a remedy is available.   If the court has jurisdiction its judgment can not be attacked collaterally.   *Sumner* v. *Village of Milford, supra.*

Section 37 of the Local Improvement act expressly confers upon the county court jurisdiction of any proceedings under the act.   (Cahill's Stat. 1923, p. 442.)   Jurisdiction of the particular proceeding was acquired in the manner prescribed, and the judgment confirming the special assess-

ment is not questioned. In due course the completion and acceptance of the improvement and its cost were certified to the court in which the assessment was confirmed, and the issue of the validity and sufficiency of the certificate was directly and expressly raised by the objections filed. The county court clearly had the right to decide whether the certificate was valid and sufficient, and after a hearing it determined that issue adversely to appellees' present contention. Its order, by section 84 of the Local Improvement act, (Cahill's Stat. 1923, p. 458,) is made "conclusive upon all the parties and no appeal therefrom, or writ of error thereto, shall be allowed to review or reverse the same." By the filing of the certificate, the fixing of the time and place for the hearing thereon, and the giving of notice of such hearing, as required by the act, the court acquired jurisdiction to decide whether there was a valid and sufficient certificate, and having such jurisdiction its decision cannot be assailed collaterally. *People* v. *Sperry*, 314 Ill. 205; *Village of Elmwood Park* v. *Mills & Sons*, 311 id. 136; *People* v. *Ford, supra; Harman* v. *People*, 214 Ill. 454; *Sumner* v. *Village of Milford, supra; Conlin* v. *People*, 190 Ill. 400; *Perisho* v. *People*, 185 id. 334; *Leitch* v. *People*, 183 id. 569; *Pipher* v. *People*, 183 id. 436.

The various steps in a special assessment proceeding, from the filing of the initial petition in the county court to the final approval of the certificate of completion and acceptance of the work by the same court, are parts of the same proceeding. Error in the course of the proceeding should not operate to divest the court of its jurisdiction or to render its judgment void so that it may be successfully attacked in a collateral proceeding. In our opinion appellees' objections in the instant proceeding which attacked the validity of the county court's order of December 18, 1923, should have been overruled.